UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DOMINGO GERMAN MACAVILCA,<br><br>    Plaintiff,<br><br>    v.<br><br>ALYSSA McCLUSKEY *et al.*,<br><br>    Defendants. | Case No. C08-5263RJB/JKA<br><br>ORDER TO AMEND THE COMPLAINT |

This civil rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). Plaintiff was given leave to proceed *in forma pauperis.* Plaintiff names four defendants, Alyssa McCluskey, Ben Maxwell, William Penaloza, and A. Neil Clark, as defendants.

Plaintiff alleges he has been sexually assaulted by defendant McCluskey because of the way she searches him when he enters the library area (Dkt. # 1, proposed complaint). This is the only allegation against this defendant.

Plaintiff alleges defendants Maxwell and Penaloza are improperly attempting to deport him while he has appeals to rulings, or motions for reconsideration, pending in federal courts. Plaintiff names defendant Clark as a defendant based solely on his supervisory role over defendants Maxwell and Penaloza (Dkt. # 1, proposed complaint).

In the relief section of his complaint Plaintiff asks that criminal charges be brought against the defendants. He does not seek injunctive relief or monetary damages (Dkt # 1, proposed complaint).

ORDER PAGE 1

1  The proposed complaint violates Fed. R. Civ. P. 8 (a).

2      The Court, having reviewed plaintiff's complaint, and the balance of the record contained

3  herein, does hereby find and ORDER as follows:

4      (l)    The Court declines to order that plaintiff's complaint be served on defendants until he

5  corrects the deficiencies identified below:

6      (a)    In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that

7  (l) the conduct complained of was committed by a person acting under color of state law and that (2)

8  the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws

9  of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*,

10  Daniels v. Williams, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an

11  alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354

12  (9th Cir. 1985), cert. denied, 478 U.S. 1020 (1986).

13      (b)    A criminal action may not be maintained in a civil rights action. This action was filed

14  pursuant to 42 U.S.C. 1983. Without specific statutory authority, plaintiff lacks the ability to file a

15  criminal charges. The ability to file criminal charges rests with the United States Attorney General's

16  Office.

17      (c)    There is no supervisor liability in a civil rights action and liability must be based on

18  personal participation. In a Civil Rights Action, the inquiry into causation must be individualized and

19  focus on the duties and responsibilities of each individual defendant whose acts and omissions are

20  alleged to have caused a constitutional violation. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir.

21  1988).

22      (2)    The Clerk is directed to send a copy of this Order to plaintiff, **and note the due date**

23  **for the amended complaint as July 11, 2008.**

24

    DATED this 4 day of June, 2008.

25

26                                  */S/ J. Kelley Arnold*
                                J. Kelley Arnold

27                                  United States Magistrate Judge

28  ORDER PAGE 2