UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DOMINGO GERMAN MACAVILCA,

Plaintiff,

v.

ALYSSA McCLUSKEY *et al*.,

Defendants.

Case No. C08-5263RJB/JKA

SECOND ORDER TO
AMEND THE COMPLAINT

This civil rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). Plaintiff was given leave to proceed *in forma pauperis*. Plaintiff names four persons, Alyssa McCluskey, Ben Maxwell, William Penaloza, and A. Neil Clark, as defendants.

The court ordered plaintiff to file an amended complaint on June 5, 2008, (Dkt # 6). Amendment was necessary because the plaintiff was asking the court to file criminal charges against the defendants. Further, the plaintiff was trying to collaterally challenge deportation actions. In addition, plaintiff attempts to name defendant Clark solely on the basis of his supervisory position. The court explained the defects in the pleadings to plaintiff in the order to amend (Dkt # 6). The original complaint was six pages long (Dkt # 5).

ORDER PAGE 1

On June 23, 2008, the clerk's office filed plaintiff's first amended complaint (Dkt # 7). The document is 32 pages long counting all the attached pleadings. On page one plaintiff states the allegations remain the same as in the original complaint. Further, in the relief section plaintiff is still attempting to seek habeas relief in a civil rights action and asks the court to prevent his removal from the United States. The proposed amended complaint violates Fed. R. Civ. P. 8 (a) in several other aspects.

The plaintiff maintains he is being forced to seek travel documents to aid in his deportation against his will. Plaintiff may not maintain this claim in this action as it calls into question the propriety of removal proceedings that are before other courts and must be part of habeas proceedings. In June 1994, the United States Supreme Court held that "[e]ven a prisoner who has fully exhausted available state remedies **has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus.**" Heck v. Humphrey, 512 U.S. 477, 487 (1994)(emphasis added). The court added:

> Under our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen. . . . [A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

Id. at 489. "[T]he determination whether a challenge is properly brought under § 1983 must be made based upon whether 'the nature of the challenge to the procedures [is] such as necessarily to imply the invalidity of the judgment.' *Id*. If the court concludes that the challenge would necessarily imply the invalidity of the judgment or continuing confinement, then the challenge must be brought as a petition for a writ of habeas corpus, not under § 1983." Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir.1997) (*quoting* Edwards v. Balisok, 520 U.S. 641 (1997)). This analysis applies with equal force to deportation proceedings.

As plaintiff states a possible viable claim against defendant McCluskey, for the way she searches him when he enters the library, his action should not be dismissed without giving him another opportunity to amend.

The second amended complaint must contain a short plain statement setting forth the courts

ORDER PAGE 2

1 jurisdiction, the facts showing plaintiff is entitled to relief, and a request for relief.  Plaintiff will have
2 until **July 25, 2008**, to file an acceptable second amended complaint.  If the second amended
3 complaint contains defects rendering service improper, the court will recommend this action be
4 dismissed.

5       The Clerk is directed to send a copy of this Order to plaintiff, **and note the due date for the**
6 **amended complaint as July 25, 2008.**

      DATED this 25 day of June, 2008.

      /S/ *J. Kelley Arnold*
      J. Kelley Arnold
      United States Magistrate Judge

ORDER PAGE 3