# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

DOMINGO GERMAN MACAVILCA,

    Plaintiff,

v.

ALYSSA Mc CLUSKEY,

    Defendant.

CASE NO. C08-5263RJB/JRC

REPORT AND RECOMMENDATION

Noted for May 15, 2009

This 42 §1983 Civil Rights matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrate Judge's Rules MJR 1, MJR 3, and MJR 4.

## PROCEDURAL FACTS

On September 15, 2008, the Court ordered the Marshal's to attempt to service defendant Alyssa Mc Cluskey by mail (Dkt. # 15). Ms. Mc Cluskey works for the GEO Corp. which runs a

REPORT AND
RECOMMENDATION - 1

detention center under contract with the Federal Government. A courtesy copy of the complaint was sent to the attorney who represents the GEO Corp., Joan Mell.

On October 2, 2008, Ms. Mell entered a notice of appearance specifically noting she did not accept original service (Dkt # 16). Nothing in the file indicates defendant Mc Cluskey accepted the attempt to serve by mail.

The case languished for five months. On March 2, 2009, the court entered an Order to Show Cause why the action should not be dismissed for lack of prosecution. The Court entered this orders because plaintiff had taken no further steps to prosecute his action and made no further attempt to have the action served on defendant Mc Cluskey (Dkt. 18). The Order to Show Cause gave plaintiff until April 3, 2009, to respond. As of April 16, 2009, there has been no response. The Court's order specifically informed plaintiff that if he did not respond a Report and Recommendation to dismiss this action with prejudice would be submitted (Dkt # 18).

This is not the first time this plaintiff has failed to meet a deadline imposed by the Magistrate Judge in this action or failed to comply with court orders. Plaintiff was ordered to file an amended complaint that did not challenge his current confinement (Dkt # 8). Plaintiff failed to comply with that order and filed an amended complaint that again challenged his confinement. (Dkt. # 6, and 7). The court then ordered plaintiff to file a second amended complaint (Dkt. # 8). Plaintiff did not comply. A Report and Recommendation to dismiss was entered (Dkt # 10). Plaintiff then filed a late amended complaint that contained the same defect as the original and first amended complaint (Dkt # 12).

The Court allowed the second amended complaint to proceed as to one defendant, Mc Cluskey, and one claim, improper search of plaintiff when he entered the law library (Dkt # 13).

REPORT AND
RECOMMENDATION - 2

1 | Plaintiff has now failed to comply with yet another order and the Court recommends this action be DISMISSED WITH PREJUDICE for failure to comply with a court order.

## DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure, gives a Court the authority to dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of the court." Fed.R.Civ.P. 41(b); *see also* Hells Canyon Preservation Council v. United States Forest Service, 403 F.3d 683, 689 (9th Cir.2005). Further, courts can dismiss actions sua sponte under Rule 41(b). Henderson v. Duncan, 779 F.2d 1421 (9th Cir.1986).

The Plaintiff has the duty to prosecute his case. Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc., 587 F.2d 27, 29 (9th Cir.1978). Litigants have a duty to comply with court orders and rules. Ghazali v. Moran, 46 F.3d 52 (9th Cir.1995). Even pro se litigants must follow the Federal Rules of Civil Procedure. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir.1987).

In determining whether Plaintiff's conduct warrants dismissal of his case, the Court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Henderson, 779 F.2d at 1423. The key considerations are prejudice and availability of lesser sanctions. Wanderer v. Johnson, 910 F.2d 652, 656 (9th Cir.1990).

This case was first filed April 25, 2008. It has been nearly a year since it was filed and the plaintiff has not taken the steps needed to serve the defendant. Further, the Plaintiff has repeatedly failed to follow this Court's instructions. The Court cannot have its orders ignored. The need to manage the Court's docket and the prejudice caused by a delay of this length militate toward dismissal of this action. Plaintiff is proceeding *in forma pauperis* and lesser

sanctions appear to be unavailable. Dismissal with prejudice is appropriate under these circumstances.

## CONCLUSION

This action should be DISMISSED WITH PREJUDICE for failure to comply with court orders. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on May 15, 2009, as noted in the caption.

Dated this 20th day of April, 2009.

J. Richard Creatura
United States Magistrate Judge